[Cite as *Whitaker v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3930.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARTHUR WHITAKER

    Plaintiff

    v.

OHIO DEPT. REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-07644-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) On October 13, 2008, plaintiff, Arthur Whitaker, an inmate incarcerated at defendant's Mansfield Correctional Institution (ManCI), was transferred from the ManCI general population to segregation unit. Plaintiff was permitted to pack his personal property incident to his transfer, but he was unable to complete the packing due to the fact he was not provided any bags to secure the property. According to plaintiff, his personal property was then packed by ManCI staff.

{¶ 2} 2) Plaintiff advised his packed property was taken to a storage room and left there until December 3, 2008 when the items were then moved to the ManCI property vault. Plaintiff pointed out that when he subsequently regained possession of his property he discovered several items were missing including his GPX radio/CD player, a blue blanket, three blue towels, three bars of soap, one pouch of tobacco, and one mouth guard. Plaintiff contended his property was lost or stolen while under the control fo ManCI personnel and he consequently filed this complaint seeking to recover

damages in the amount of $128.10, the stated replacement cost of the alleged missing property. Plaintiff specifically listed the value of the items as follows: radio/CD player- $60, blanket-$40.00, towels-$21.00, soap-$1.20, tobacco $.90, mouth guard-$5.00. Payment of the $25.00 filing fee was waived.

**{¶ 3}** 3) Plaintiff submitted a copy of his "Inmate Property Record" inventory compiled on October 13, 2008 when he was transferred and his property was packed. This inventory lists all the property items plaintiff claimed were missing when he regained possession of his property.

**{¶ 4}** 4) Defendant filed an investigation report admitting liability for the loss of plaintiff's radio/CD player. Defendant disputed plaintiff's valuation of this item and related "that a reasonable value of a used CD player is $20.00." Evidence in the form of a title for a GPX CD player was provided by plaintiff. Plaintiff was first issued a title for a GPX CD player on July 16, 2007 and the title submitted does not list any monetary value for this item. Plaintiff did not produce a receipt establishing the original purchase price of this titled item.

**{¶ 5}** 5) Defendant denied liability for the remaining property contending plaintiff did not offer any proof to establish he was the rightful owner of a blanket, three towels, soap, tobacco, and a mouth guard. Defendant argued plaintiff cannot recover the value of the lost property in a situation where ownership has not been proven. Defendant acknowledged that the property ManCI staff packed on October 13, 2008 was not properly stored. Defendant also acknowledged some of the property items that were improperly stored were missing when moved to the ManCI vault on December 3, 2008 and reinventoried (see "Disposition of Grievance" December 23, 2008 copy attached to investigation report).

**{¶ 6}** 6) Plaintiff filed a response insisting he owned all the property items claimed. Plaintiff related he purchased his towels and blanket from an approved vendor at sometime between May and October 2004. Plaintiff asserted he purchased soap and tobacco at the ManCI commissary.

CONCLUSIONS OF LAW

{¶ 7} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 8} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 9} 3) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 4) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} 5)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} 6)    This court has previously held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and consequently, no recovery is permitted when such property is lost.   *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD.

{¶ 13} 7)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertions persuasive regarding the fact he owned all the items claimed.

{¶ 14} 8)    Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after the transfer.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶ 15} 9)    As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.  Many property items were used and consequently had depreciated in value.

{¶ 16} 10)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.  Plaintiff has suffered damages in the amount of $60.00.

Case No. 2006-03532-AD       - 5 -       MEMORANDUM DECISION

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


ARTHUR WHITAKER

   Plaintiff

   v.

OHIO DEPT. REHABILITATION AND CORRECTION

   Defendant

    Case No. 2009-07644-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE

DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $60.00.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Arthur Whitaker, #301-186
5701 Burnett Road
P.O. Box 901
Leavittsburg, Ohio  44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
4/12
Filed 4/21/10
Sent to S.C. reporter 8/20/10